## McLAUGHLIN's Lessee *v.* DAWSON.(c.)

### Settlement.

To constitute a legal settlement, there must be a personal residence, unless such danger exists, as would affect a man of reasonable firmness.

EJECTMENT, for 400 acres of land, lying north-west of the river Ohio. Both parties claimed under settlement-rights. The defendant's improvement commenced one day earlier than the plaintiff's ; but the plaintiff had the first warrant ; and he had been constantly resident on the land, except when he left it, through imminent danger from the Indians. The defend-

---

(c) Tried at Pittsburgh *nisi prius*, October 1800, before YEATES and SMITH, Justices.    s. c. 3 Yeates 61, 2 Sm. Laws 209, where the case is better reported.

ant's improvements were greater than those of the plaintiff (for he was a richer man), but he was often absent from the premises, sometimes as a volunteer in the public service, and sometimes living at a distance with his father or brothers.

THE COURT, in the charge to the jury, strongly preferred the claim of the plaintiff, on account of his constant residence on the premises; except when obliged to retire, from a reasonable apprehension of danger. They mentioned the case of *Ewalt's Lessee* v. *Highlands* (*ante*, p. 162), and said, that the maturest reflection satisfied them of the propriety and correctness of the principle there laid down : to wit, that to constitute a legal settlement, it must be accompanied with personal residence, unless *such [*222 danger exists, as would operate on the mind of a man of reasonable firmness. (a)

Verdict, accordingly, for the plaintiff.

*Woods*, for the plaintiff.    *Ross*, for the defendant.

----

(a) See Ewalt's Lessee v. Highlands, *ante*, p. 162; Commonwealth v. Coxe, *ante*, p. 170; Morris's Lessee v. Neighman, *ante*, p. 209, and the notes to these cases; Attorney General v. The Grantees, &c., *post*, p. 237.

